UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) Case No. 25 CR 46 |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) District Judge Joan H. Lefkow |
| DANNY LINARES, | ) Magistrate Judge Gabriel A. Fuentes |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the magistrate judge on referral for detention proceedings. (D.E. 18.) On March 17, 2025, the Court provisionally granted the motion (D.E. 28) by Defendant Danny Linares for a temporary release from custody to attend the birth of his child. The provisional grant left many issues unresolved. This Order addresses several of them in advance of a further hearing the Court is setting on the motion in open court at 9:30 a.m. on April 4, 2025.

For information of the parties and Pretrial Services, the Court is anticipating that the temporary release, if finally granted, would include the following conditions, some of which were proposed initially by Pretrial Services, and some of which have been added by the Court, even since the March 17 hearing:

First, the Court anticipates imposing the release conditions set forth in the second of the two Pretrial Services reports (D.E. 31), which are:

- Submission to supervision by Pretrial Services;

- Surrender of Defendant's foreign passport to Pretrial Services;

- Prohibition on Defendant obtaining a passport or other international travel document;

- Travel restriction to the Northern District of Illinois;

- Prohibition on Defendant possessing a firearm, destructive device or other weapon;

- Prohibition on Defendant's possession or use of a narcotic drug or other controlled substance unless prescribed by a licensed medical practitioner;

- Requirement that Defendant submit to drug testing as directed by Pretrial Services, even during the short period of the temporary release; and

- Report any law enforcement contact to Pretrial Services.

Second, the Court anticipates requiring additional conditions over and above those in the addendum (D.E. 31), as follows:

- A secured bond (not unsecured, as recommended by Pretrial Services), with a face amount of $10,000, cosigned by at least one of the third-party custodians;

- Two third-party custodians, including Defendant's domestic partner, but also including a second person willing to serve as a third-party custodian and approved by Pretrial Services, so that Defendant will not have to rely on the expectant mother alone for the custodianship's obligations at a time when she is about to give birth, is giving birth, or has just given birth, as the Court shares the concerns of the *Encinas* court in this respect;

- Home incarceration at the residence Defendant has proposed, with location monitoring as directed by Pretrial Services, so that Defendant is not permitted to leave the residence except to accompany the expectant mother to medical appointments and facilities related to the birth of the child, and under the supervision of a second custodian not the mother;

- A further personal association restriction barring Defendant from using any cell phone to communicate with anyone besides the expectant mother and the other two co-habitants at the residence during the temporary release period, and from having any visitors (including any who have come to see the baby) at the residence during the very short temporary release period; and

- A requirement that the third-party custodians and Defendant maintain confidentiality as to the fact of the temporary release, until the temporary release period has ended.

In addition, the Court is expecting defense counsel to propose the precise time frame of the temporary release period, to account for the mother's expected due date, for the uncertainty of

precisely when the birth will occur, and to allow Defendant a reasonable time after the birth to be with mother and child – but one short enough to remain consistent with satisfying the Court's stated concerns that a longer-term release in this case is inappropriate, and only a very short temporary release period, as in a matter of days, will satisfy the Court that the release conditions reasonably assure court appearance and community safety. Finally, the Court continues to await further input from the government on the final set of release conditions and the immigration aspects of this case.

At the next hearing at 9:30 a.m. on April 4 in Courtroom 1342, Defendant is being brought by the U.S. Marshals, and all proposed custodians (including the expectant mother) must be in attendance for any final admonishment.

**SO ORDERED.**

                **ENTER:**

                *[signature]*

                **GABRIEL A. FUENTES**
                **U.S. Magistrate Judge**

**Dated: March 19, 2025**