UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | No. 25 CR 46 |
| v. | ) | |
| | ) | Hon. Gabriel A. Fuentes |
| DANNY LINARES | ) | |

**STATUS REPORT AND RESPONSE TO DEFENDANT'S PROPOSED
CONDITIONS OF TEMPORARY RELEASE (DKT. 33) AND THE COURT'S
ANTICIPATED CONDITIONS OF TEMPORARY RELEASE (DKT. 36)**

In accordance with the Court's March 17, 2025 minute entry (Dkt. 32), the Government submits the following status report, response to defendant's proposed conditions of temporary release (Dkt. 33), and response to the Court's anticipated conditions of temporary release (Dkt. 36).

**I.     Status Report**

On February 4, 2025, Immigration and Customs Enforcement filed a detainer against defendant Linares. As it pertains to defendant Linares's immigration status, according to law enforcement officers with HSI, as of April 2, 2025, Linares's temporary protective status has expired.[1]

On or about March 25, 2025, Individual A, who was referenced in the Complaint filed in this case (Dkt. 1), was arrested in South Carolina pursuant to a

---

[1] The temporary protective status (TPS) previously granted to Venezuelan nationals is subject to pending litigation. On March 31, 2025, the U.S. District Court for the Northern District of California temporarily postponed the Department of Homeland Security's termination of Venezuela's 2023 TPS designation, which was to be effective April 7, 2025. *Nat'l TPS All. v. Noem*, No. 25-CV-01766-EMC, 2025 WL 957677 (N.D. Cal. Mar. 31, 2025)

federal indictment returned in this district and is currently being removed to this district in custody. The indictment remains under seal.

Initially, Pre-trial Services reported in its March 19, 2025 Supplemental Addendum to the Pretrial Services Report (Dkt. 34), that neither of the two other occupants of the proposed residence had agreed to serve as third-party custodians. As of April 3, 2025, prior to this filing, counsel for defendant Linares informed the government that the other two occupants have since agreed to serve as third-party custodians. Pre-trial is in the process of interviewing the additional proposed custodians.

## II. Response to Defendant's Proposed Conditions of Temporary Release (Dkt. 33), and the Court's Anticipated Conditions of Temporary Release (Dkt. 36)

The Government continues to oppose defendant's Motion for Temporary Pretrial Release to Attend Daughter's Birth (Dkt. 28). The Government incorporates by reference its arguments during the detention hearing in this case on January 29, 2025, and the hearing on defendant's motion on March 13, 2025. It remains the Government's position that no condition or combination of conditions (even for a few days) will reasonably assure the appearance of the defendant as required and the safety the community. 18 U.S.C. § 3142(f).

Moreover, based on the record before the court, temporary release is not "necessary for the person's defense or for another compelling reason." 18 U.S.C. § 3142(i). Although the birth of a child is certainly a momentous occasion, that does not end the inquiry under 18 U.S.C. § 3142(i). *United States v. Encinas*, No.

221CR00263GMNEJY, 2022 WL 507509, at *2 (D. Nev. Feb. 18, 2022) (finding that a compelling reason did not exist to temporarily release defendant into custody of pregnant fiancé to be present for child's birth). In considering whether a "compelling reason" exists, courts have balanced "the reasons advanced for such release against the risks that were previously identified and resulted in an order of detention." *United States v. Chambers*, No. 20-CR-135 (JMF), 2020 WL 1530746, at *1 (S.D.N.Y. Mar. 31, 2020); *United States v. Cox*, 449 F. Supp. 3d 958, 964–65 (D. Nev. 2020) (denying defendant's motion for temporary release after balancing proffered reasons for release against previously risks identified at the detention hearing).

Here, the reason for temporary release does not outweigh the identified risks supporting the initial detention order in this case. In particular, the danger to the community demonstrated by the nature and circumstances of the charged offense (the sale of glock switches and firearms modified with glock switches) outweighs the occasion for temporary release.[2] This is especially the case given that the expecting mother will be one of the proposed third-party custodian (and potentially the sole custodian, as pre-trial is currently interviewing the other two proposed custodians). As the court in *Encinas* recognized, if defendant's girlfriend were the sole custodian, she will have no capacity to supervise or otherwise ensure Defendant is compliant with any conditions the Court could impose while she is in labor or immediately

---

[2] The Court ordered detention based on danger to the community, (Dkt. 14), primarily relying on the nature and circumstances of the charged offense. At the detention hearing, the government also argued the risk of nonappearance in danger to community based on other (currently uncharged) conduct. The government incorporates all of its prior arguments by reference.

following the birth of the baby." 2022 WL 507509, at *2. Releasing the defendant, even temporarily, under these conditions poses great risk especially since these conditions are similar to those that existed when the charged conduct occurred.[3]

Lastly, as Pretrial Services noted in its March 19, 2025 Supplemental Addendum, despite several queries Pretrial Services has been unable to locate records pertaining to Defendant's girlfriend, who maintains she is a citizen of Venezuela. Dkt. 34 at 2.

The government will address the Court with any additional pertinent updates during the April 4, 2025 hearing in this matter.

Dated: April 3, 2025                    Respectfully submitted,

                                        MORRIS PASQUAL
                                        Acting United States Attorney

                               By:      s/Minje Shin
                                        MINJE SHIN
                                        Assistant United States Attorney
                                        219 South Dearborn Street, 5th Floor
                                        Chicago, IL 60604
                                        (312) 469-6024

---

[3] The charged conduct occurred on or about January 15, 2025. The initial January 27, 2025 Pretrial Services Report (Dkt. 5) noted that defendant had been living with his girlfriend (who was 6 months pregnant at that time), along with "two friends." Dkt. 5 at 1-2.