# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | | |
|---|---|---|
| United States of America, | ) | |
| | ) | |
| Plaintiff, | ) | Case No: 25 CR 46 |
| | ) | |
| v. | ) | |
| | ) | Judge Joan H. Lefkow |
| | ) | |
| Danny Linares, | ) | |
| | ) | |
| Defendant. | ) | |

## **ORDER**

Change of plea hearing held on 10/15/2025. A Spanish speaking interpreter was present. Defendant enters a voluntary plea of guilty to Count One (1) of the Indictment. Plea of guilty is accepted. Enter Plea Agreement. Cause is referred to the Probation Department for the preparation of the Pre-Sentence Investigation Report. Sentencing is set for 1/21/2026 at 1:30 p.m. in person in courtroom 2201. ANY REQUEST FOR A CONTINUANCE SHALL BE MADE VIA WRITTEN MOTION AND WILL NOT BE ALLOWED WITHOUT GOOD CAUSE. Government's version of the offense shall be submitted to the Probation Office by 10/22/2025. Defendant's version of offense shall be submitted to the Probation Office by 10/29/2025. The assigned probation officer shall submit and serve a final presentence investigation report as soon as practical. Defendant's sentencing memorandum is due by 1/7/2026; government's memorandum by 1/14/2026. The Probation Office shall disclose to the parties the recommended sentence, including conditions of supervised release and the reasons for the recommendation when filing the pre-sentence report. Defense counsel shall review the recommended conditions with the defendant in advance of the sentencing date. Counsel shall advise the court at sentencing whether defendant objects to any of the recommended conditions. The court does not intend to read the conditions of supervised relief to the defendant in open court unless (a) the defendant requests that they be read, (b) there is an objection to a recommended condition, or (c) the court declines to impose a recommended condition or imposes a condition that was not recommended. If the defendant desires further explanation of the court's reasons stated on the record for any condition of supervised release, counsel is expected to make that known at sentencing so the court will be able to clarify any misunderstanding or confusion. See United States v. Thomas, 840 F.3d 920 (2018) ("The judge may state that he's incorporating by reference supervised-release conditions listed in his written notice of proposed conditions, but only if the defendant has had an opportunity to review the proposed conditions before sentencing and there is no conflict either between the conditions in the written notice and the conditions actually imposed in the written judgment or between the conditions stated orally by the judge at the sentencing hearing and those in the written judgment.

Pursuant to 18 U.S.C. § 3664(d)(1), if restitution is being sought in this case, 60 days prior to the sentencing date, the Government shall provide the Probation Office and the courtroom deputy an electronic standardized spreadsheet (available on the Court's website) with a list of victims and their full current contact information. This list shall include any amounts subject to restitution. If the Government is not able to provide the full victim list 60 days prior to sentencing, they shall file a motion to request an extension of time to compile the information, to the extent permitted by 18 U.S.C. § 3664(d)(5).

(T:30)

Date: 10/15/2025

Joan H. Lefkow, U.S. District Judge